CHIEF JUSTICE HARDIN
delivered the opinion of the court.
Upon an indictment against William Williams and Tobe Bligh for the murder of Charles Childs, the appellant Williams was tried, convicted, and sentenced to be hanged, and this appeal is prosecuted by him for a reversal of the judgment.
From the evidence, as shown by the bill of exceptions, it appears that Bligh, Williams, Childs, and others — colored as well as white laborers — on the line of the Cumberland & Ohio *275 Railroad, and others, including women, were assembled together in August, 1872, at what they called a “picnic,” at which there were dancing and drinking, as well as much violence and disorder, particularly in the conduct of Bligh, Childs, and Williams. A conflict having thence occurred between Bligh and Childs, in which two other persons were wounded by the discharge of a pistol in the hands of -the latter, it seems that he was soon afterward assailed and pursued by both Bligh and Williams, and while apparently endeavoring to elude their pursuit was shot and killed by Williams.
- The principal inquiry now is as to the action of the court in passing on the motions to instruct the jury. '
We perceive no ground of objection to either of the instructions given at the instance of the attorney for the commonwealth, except the fourth instruction, which is as follows: “ If the jury are satisfied from the evidence that the accused, Williams, went off and armed himself, and returning renewed the attack upon Childs, who, seeing Williams approach, fled for his life, and Williams, following after with his missile, overtook and killed him, then Williams is guilty of murder.”
This instruction is, in our opinion, liable to the objection that in it certain prominent facts which the evidence conduced to prove are grouped together, and, irrespective of others, stated hypothetically to the jury as constituting sufficient grounds for finding the defendant guilty of murder. But a still more serious error in the instruction is that the jury were thereby told in effect not merely that the facts therein supposed were evidence from which they might find that the killing of Childs was both malicious and without legal excuse, and therefore murder; but that those facts, if true, were conclusive of the questions both of malice and excuse, whatever other evidence there may have been tending either to excuse the killing or reduce the offense from murder to manslaughter.
In this last-mentioned aspect of the case it seems to us *276 that the instruction marked C, asked for the defendant and refused by the court, though not expressed in as clear and appropriate language as it might have been with reference to the law of manslaughter, was substantially correct, and might with propriety have been given.
Wherefore the judgment is reversed, and the cause remanded for a new trial on principles not inconsistent with this opinion.