CASE 40—INDICTMENT—MAY 8.

# Minniard, &c., v. Commonwealth.

### APPEAL FROM LESLIE CIRCUIT COURT.

SELF-DEFENSE—RESISTANCE OF ARREST.—Upon the trial of appellants for murder, it appeared that a constable, together with a large posse, went with a warrant to the house of one of the appellants for the ostensible purpose of arresting appellants, the defendants in the warrant. Appellants resisted the arrest, and in the resistance one of the posse was shot and killed. *Held*—That if appellants believed and had reasonable ground to believe that the arrest attempted to be made was a mere pretext to enable the constable and the deceased and those acting with them to disarm the appellants and place them in their power for the purpose of inflicting upon them great bodily harm, then they, or any of them, had the right to resist such arrest by any means within their power; and although the member of the posse killed may have been acting in good faith, yet if appellants believed and had reasonable grounds to believe that he could not or would not protect them, and in attempting to kill the officer or such members of the posse as were not thus acting in good faith they used reasonable precaution not to kill or injure the deceased, but accidentally killed him, then appellants should have been acquitted, and the jury should have been so instructed.

D. K. RAWLINGS AND JOHN L. SCOTT FOR APPELLANT

One has the right to resist arrest, even to killing, when he has reasonable grounds to believe and does believe that the officer and his posse are using the process of the law, not in good faith, but as an excuse for taking his life or inflicting on him great bodily harm.

P. W. HARDIN, ATTORNEY-GENERAL,. FOR APPELLEE.

All instructions given must be considered together, and that being done, the jury could not have been misled as to the law, which, as a whole, was properly given.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants were indicted in the Leslie Circuit Court for the murder of Solomon Buckheart. They were found guilty of the crime of manslaughter, and their punishment fixed at confinement in the penitentiary for two years each. They have appealed to this court.

It appears from the record that Isaac M. Day, a constable, together with a large posse, went to the house of Israel Napier, one of the defendants, with a warrant, for the ostensible purpose of arresting the defendants for a supposed offense. The defendants resisted the arrest, and in the resistance Solomon Buckheart, one of the posse summoned by Day to assist in making the arrest, was shot and killed.

The appellants relied on self-defense upon the ground that Day and his posse were the deadly enemies of the appellants; and that their coming to make the arrest, under the guise of a warrant, was a mere pretext to disarm the appellants and get them in their power for the purpose of doing them great bodily harm, and that the appellants, being apprised of said purpose, had the right to resist the arrest.

As the case is to be sent back for a new trial, we refrain from making any comemnt on the testimony, except to say that there is proof in the record that tends to show that Day and his posse, or the most of them, were unfriendly to the appellants; and that it

was the purpose of Day to use the warrant as a pretext to get control of the appellants, in order to do them bodily harm; and that the shot that killed Buckheart was really fired at Day, but missed him.

The court instructed the jury, in substance, that if the appellants believed, and had reasonable grounds to believe, that the arrest attempted to be made was a mere pretext to enable Day and the deceased, and those acting with them, to disarm the appellants and place them in their power for the purpose of inflicting upon them great bodily harm, then they, or any of them, had the right to resist such arrest by any means within their power, etc.

The appellants complain of this instruction and other similar ones, for the reason that they require the jury to believe that the deceased was a party to the purpose of making the arrest as a pretext to disarm the appellants and place them in their power for the purpose of inflicting upon them great bodily harm.

We are constrained to the belief that these instructions did not go far enough. An additional instruction ought to have been given to the effect, that although they might believe from the evidence that the deceased was summoned by Day to assist in the arrest of the appellants, and that he believed that Day was proceeding in good faith to arrest the appellants for a public offense, and he in good faith was present for the purpose of assisting in making the arrest, yet, if the appellants believed and had reasonable grounds to believe that Day and the other members of the posse, or any of them, were attempting to make the arrest, by virtue of the warrant, as a mere pretext to enable

them to disarm the appellants and place them in their power for the purpose of killing them, or of doing them great bodily harm; and that the deceased, and those of the posse acting from motives similar to his own, could not or would not protect the appellants from the unlawful purpose of Day and the other members of the posse, then they had the right to resist said arrest, and, if necessary, they had the right to kill Day or such members of the posse as were engaged in such unlawful purpose; and if, in attempting to kill Day, or such members of the posse, they used reasonable precaution, under the circumstances, not to kill or injure the deceased, but accidentally killed him while aiming to kill Day or such of the posse as were thus unlawfully engaged, then the jury should acquit them. Instruction number seven is conceded to be error.

The judgment of the lower court is reversed, with directions to grant the appellants a new trial, and for further proceedings consistent with this opinion.