## Smith and Shelton v. Commonwealth.

(Decided November 14, 1922.)

### Appeal from Bell Circuit Court.

Arrest—Officer Attempting Unlawful Arrest—Resisting With Force.—Use of Deadly Weapons.—Where an officer attempts an unlawful arrest, either from the arrest itself being unlawful or is unlawful from the manner, in which it is attempted, the person attempted to be arrested may resist with force; and if in the struggle which ensues, it becomes necessary or reasonably appears to be necessary to save himself from death or great bodily

harm to kill the officer, he may do so, but, he is not justified in using or attempting to use deadly weapons, or slaying the officer, if he has no reason to fear anything more injurious than a mere unlawful arrest.

M. G. COLSON and R. N. JARVIS for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

The appellants were by separate indictment, each accused of the crime of wilfully and maliciously shooting at and wounding Harvey Miracle, with the intent to kill him, but, from the shooting and wounding, he did not die, as denounced by section 1166, Ky. Stats. The shooting at and wounding of Miracle, by each of the appellants, occurred at the same time and place, and in the course of an attempt, as contended by the Commonwealth, by Miracle, a deputy sheriff to arrest the appellants. The witnesses in each case, were the same, and the defense of each defendant, was the same and by an agreement between the Commonwealth's attorney and appellants the prosecutions were consolidated, and the indictments tried together, as though they were properly indicted together. The trial resulted in a verdict of the jury, finding each of the appellants guilty, and fixing the punishment of each, at confinement in the State Reformatory for a period of three years. The motion of each to set aside the verdict and grant a new trial was overruled, and judgment was rendered against each of them in accordance with the verdict, and each has appealed. The grounds relied upon for a reversal of the judgment are (1) that the court failed to properly instruct the jury, as to the entire law of the case, and (2) the verdict is not sustained by a sufficiency of evidence.

To determine the soundness of the first contention it will be necessary to consider the issues made by the evidence. The evidence offered by the Commonwealth conduced to prove that the appellants were publicly drunk, armed with drawn pistols, talking and cursing in a loud and boisterous manner, in the presence of Miracle, who was a deputy sheriff, and who attempted to arrest them for a breach of the peace, and disarm them, when the appellants resisted successfully the attempt to arrest them, and in so doing, Shelton shot at and wounded Miracle, in

the top of the head and Smith shot at and wounded him in the foot, and to escape them, he was obliged to protest his friendship for them, and promise not to institute a prosecution against them. The evidence for the appellants conduced to prove, that they were not drunk, did not talk or swear loudly or boisterously; that the attempt to arrest them was without cause and arbitrary; and that Miracle exhibited such unnecessary force and threatening manner in his actions toward them that they were justified in believing, that he was intending to kill them or do them serious bodily harm. Shelton denied that he shot Miracle and Smith was unable to state whether or not he shot him, or whether he shot himself. They, also, proved that two or three days previous to the difficulty Miracle had said to a woman, that, if he ever caught her talking to Smith or Shelton, he would shoot their brains out, and the woman immediately communicated the threat to them. Miracle denied making the threat and, also, denied that he menaced them with a pistol or attempted to use one, at the time of the attempted arrest.

The jury was instructed as to the right and duty of an officer to arrest a person, who commits a public offense in his presence, and to use such force as may be reasonably necessary to overcome resistance to him, and the duty of the one committing the offense to submit to the arrest. The appellants insist that the court erred to their prejudice in failing to instruct the jury, as to their right to resist an unlawful arrest, as the deputy sheriff was not armed with a warrant, and was not authorized to arrest them, unless they had committed a public offense in his presence, and that the evidence was contradictory upon the question, as to whether, they had committed any kind of an offense in the presence of the officer, and hence the jury should have been told, that, if it did not believe from the evidence, that they had committed a public offense in the presence of the officer, that the attempt to arrest them was unlawful, and that it was their right to use such force as appeared to be reasonably necessary to resist the trespass upon them. As an abstract legal proposition this contention is only partially sound. The principle which governs the right of a person attempted to be unlawfully arrested, to resist the arrest is thus stated in 21 Cyc. 803. "But where the attempt to arrest is unlawful in itself or by reason of the manner in which it is attempted, the person being arrested may resist with force; and, if in the course of the

ensuing struggle it becomes necessary or reasonably appears to be necessary for him to kill the person attempting to arrest him in order to save himself from death or great bodily harm, it is justifiable homicide. . . . But such person should use no more force than is necessary to resist the unlawful arrest and is justified in using or offering to use a deadly weapon only where he has reason to apprehend an injury greater than the mere unlawful arrest, as danger of death or great bodily harm.'' This principle is upheld by the courts generally, among which is our own. Creighton v. Com., 83 Ky. 142; Creighton v. Com., 84 Ky. 103; Hughes v. Com., 19 K. L. R. 497; Bowling v. Com., 7 K. L. R. 82; W. Va. v. Woods Gum, 68 W. Va. 105; Coleman v. Ga., 594; State v. Meyers, 110 Pac. 407; Roberson v. State, 43 Fla. 157. In the latter case, it was said: ''If the attempt to arrest be unlawful the party sought to be arrested may use such reasonable force, proportionate to the injury attempted upon him, as is necessary to effect his escape, but, no more, and he can not do this by using or offering to use a deadly weapon, if he has no reason to apprehend a greater injury than a mere unlawful arrest.'' The reason of this doctrine is not difficult to comprehend. While personal liberty is a very highly esteemed right, it is better to undergo the ill convenience of an unlawful arrest, from which the law will deliver, than that human life should be sacrificed, and a dispute as to whether an arrest is lawful or unlawful should not be decided with pistols, when it is a matter that the magistrate can speedily determine. Hence, if an officer attempts to make an unlawful arrest, the party upon whom it is attempted may not in his resistance slay or attempt to slay the officer, unless from the conduct of the officer, or for other reasons, he believes and has reasonable grounds to believe that he is in danger of death or great bodily harm at the hands of the officer and in the exercise of a reasonable judgment, that there is no other safe means of averting the real or apparent danger except to slay the officer. Miniard v. Com., 87 Ky. 213. In the instant case, the instructions are rather awkwardly drawn, but, they embrace substantially the law pertaining to the facts in evidence, and in such a way as to preserve the rights of the appellant from any substantial prejudice, when all of them are considered together. The indictment did not undertake to accuse the appellants of resisting an officer,

or did it undertake to charge them with any offense which consisted of acts which they might lawfully perform in resisting an unlawful arrest. Under the indictment they could not be convicted, unless the evidence proved them to be guilty of wilfully and maliciously shooting and wounding the officer with the intent to kill him, and these acts they had no right to perform, unless they had justifiable apprehensions of death or great bodily harm at the hands of the officer. The instructions did not authorize the officer to make or require the appellants to submit to an arrest, unless the evidence proved that they had committed an offense in the presence of the officer, nor did they deny to the appellants the right to resist an unlawful arrest with such reasonable force as the law authorized them to exert. The instruction upon the subject of the right of the officer to make the arrest, and the appellants to submit to it was rather abstract than concrete, but it did not produce any right. The only defense which the appellants were authorized to make to the charge of shooting and wounding the officer with intent to kill him was that the manner of the attempted arrest was unlawful and attempted with such show of violence by the officer that the appellants were justified in apprehending death or great harm at his hands, and upon that subject the instructions of the court carefully preserved the appellants' rights. The jury was told substantially that if the appellants had reasonable ground for believing and did believe that they were in danger of death or some great bodily harm at the hands of the officer, and there appeared in the exercise of a reasonable judgment no other safe way of averting the danger, either real or apparent, they were justified in shooting him, and to find them not guilty. The only qualification imposed upon this right of self-defense was that the appellants forfeited it if they sought and brought on the difficulty and made the danger to themselves excusable on the part of the officer by first drawing or attempting to use deadly weapons upon him, or unless they shot the officer in a mere attempt to resist a lawful arrest. These circumstances of apprehended death or great bodily harm from the officer were the only ones under which the appellants were justified in attempting to kill the officer with deadly weapons, and the above instructions seem to fully protect their rights in that regard.

The contention that the evidence is not sufficient to support the verdict is entirely without merit. We can not say in any instance that the jury should believe one set of witnesses rather than another.

The judgment is therefore affirmed.