## Howard v. Commonwealth.

(Decided April 22, 1924.)

### Appeal from Magoffin Circuit Court.

1. Homicide—Instruction Qualifying Right of Self-Defense Sometimes Proper.—An instruction qualifying the right of self-defense is sometimes proper; the rule being that the accused cannot be acquitted on the ground of self-defense if, at a time when he did not believe, or have reasonable ground to believe, that he was in danger of death, or great bodily harm at the hands of the deceased, he began the difficulty by first assaulting the deceased with a deadly weapon, and so made the danger to himself excusable on the part of the deceased in his necessary or apparently necessary self-defense.

2. Criminal Law—Homicide—Instruction Qualifying Right of Self-Defense Held Erroneous in Giving Undue Prominence to Certain Facts and Not Excluding Reasonable Doubt.—An instruction that, although the jury might believe that deceased, or his father, brought about the difficulty with the defendant by first assaulting him with a pistol or a knife or both, yet if they believed that deceased and his father then in good faith abandoned the fight and fled from defendant, and that defendant pursued them and shot and killed deceased, then the former instruction on self-defense did not apply, was erroneous as grouping together and giving undue prominence to particular facts, and as not requiring the jury to believe those facts to the exclusion of a reasonable doubt.

3. Homicide—Evidence as to Interference by Women Held Inadmissible.—Court should have excluded evidence that defendant's sister, and another woman were trying to hold him, where this occurred several hours before the homicide, and it was not shown

that the attempt to restrain defendant was due to any act or speech indicating a hostile purpose toward deceased or his father.

EDWARD L. ALLEN and A. J. MAY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of voluntary manslaughter and his punishment fixed at confinement in the penitentiary for a period of twelve years.

The deceased, Alton Wireman, a young man nineteen years of age, lived with his father, Proctor Wireman, about three miles above Royalton. Early on the day of the homicide Proctor Wireman left his home and went to Royalton. Appellant was also in Royalton, and the evidence shows that both he and Proctor Wireman had been drinking. A little after dark, appellant met Proctor Wireman and two others. According to the Commonwealth he first struck Proctor Wireman, but his version is that Proctor Wireman first struck him. At any rate, Proctor Wireman drew his pistol and they engaged in a scuffle over the possession of the pistol. While this was going on, the deceased, Alton Wireman, arrived and Proctor Wireman called for his assistance. During the scuffle deceased cut appellant. According to appellant, the deceased punched him in the body with the pistol, but the pistol did not go off. The evidence for the Commonwealth shows that, when appellant obtained possession of the pistol, Proctor Wireman ran into a drug store nearby, called for a pistol and started out again. Just at that moment the deceased came in and was struck by a shot then fired. On the other hand, appellant claims that he shot the deceased at the immediate place of the difficulty, and not in the drug store.

In addition to the usual instructions on murder, manslaughter and self-defense, the court gave the following instruction:

(3) "But although you may believe from the evidence that Proctor Wireman or Alton Wireman, or either of them, brought about the difficulty with the defendant, Lacy Howard, by first assaulting him with a pistol or a knife, or both, yet, if you further

believe°from the evidence that said Proctor and Alton Wireman then in good faith abandoned the fight, and fled from the defendant, Lacy Howard, and that the defendant, Lacy Howard, pursued them and shot and killed Alton Wireman, then the court tells you that the second instruction (on self-defense) does not apply.''

An instruction qualifying the right of self-defense is sometimes proper, the rule being that the accused cannot be acquitted on the ground of self-defense if, at a time when he did not believe, or have reasonable grounds to believe, that he was in danger of death or great bodily harm at the hands of the deceased, he began the difficulty by first assaulting the deceased with a deadly weapon and so made the danger to himself excusable on the part of the deceased in his necessary or apparently necessary self-defense. White v. Commonwealth, 125 Ky. 699, 102 S. W. 298. The given instruction is a new departure in criminal law. It does not proceed on the theory that the accused was the aggressor, but on the theory that the deceased or his father was the aggressor, and that they in good faith abandoned the difficulty and the accused then pursued them and shot the deceased. Not only does it group together and give undue prominence to certain particular facts to the exclusion of other facts which the jury had the right to take into consideration, but it does not require the jury to believe those facts to the exclusion of a reasonable doubt. We have repeatedly condemned such an instruction, and stressed the importance of giving an instruction on self-defense in the usual form, thus leaving the question to be determined by the jury in the light of all the facts and circumstances in the case rather than in the light of certain particular facts, whether relied on by the Commonwealth or the accused. Williams v. Com., 9 Bush 274; Reynolds v. Com., 114 Ky. 912, 72 S. W. 277; Com. v. Thomas, 104 S. W. 326; Heck v. Com., 163 Ky. 518, 174 S. W. 19; Hobson, Blain & Caldwell's Instructions to Juries, section 661; Chilton v. Com., 170 Ky. 491, 186 S. W. 191.

On another trial the court will exclude all evidence to the effect that appellant's sister and another woman were trying to hold him. This occurred several hours before the homicide, and it was not shown that the at-

tempt to restrain appellant was due to any act or speech indicating a hostile purpose towards either of the Wiremans.

It will not be necessary to consider the other errors, as probably they will not occur on another trial.

Judgment reversed and cause remanded for proceedings consistent with this opinion.