## Meek v. Commonwealth.

(Decided December 18, 1928.)

(As Modified January 11, 1929.)

84

WAUGH & HOWERTON, M. S. BURNS and R. C. McCLURE for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

The three counties of Lawrence, Johnson, and Martin come together near Chestnut creek. The Cooks lived in Johnson county; the Prestons in Johnson; and Lige Wallen in Lawrence. All these houses were near the line. Garfield Spradlin was a constable in Martin county. Henry Cook was indicted for murder in the Johnson circuit court, but had escaped arrest. Bert Preston had been fined in the Johnson circuit court, and had escaped arrest on the capias issued on the judgments. Henry Cook and Bert Preston were close associates. Judge Bailey, the circuit judge, saw Spradlin while holding court; told him that a reward had been issued for Henry Cook; and urged him to get busy and arrest him. The judge then had a warrant of arrest issued for Cook and placed in Spradlin's hands, who also had in his hands a capias for Bert Preston. Spradlin then saw Garfield Meek, who lived on Chestnut creek, and stood indicted in the Johnson circuit court for moonshining. He and Meek agreed that Meek would help him, and in return he promised Meek to try to make an arrangement by which

Meek would be allowed to confess judgment for less than the full penalty, under the indictment against him for violating the prohibition law. On May 14, 1925, Bert Preston was seen by Meek to get off the train at Chestnut creek, and Meek, after supper, got on his horse and went to Spradlin's house and told him of this. Spradlin summoned Meek to go with him, and also as they went along summoned Walter Osborne and Jackie Booth to assist him to arrest Henry Cook. They went down on Chesnut creek, and stationed themselves near a path leading over the hill from the Cook house. While they were there, about 11:30 p. m., they saw a man coming over the hill by the light he made in lighting a cigarette. They waited until he came down to Lige Wallen's house, and, when he went in that house Spradlin and Osborne went to the front door; Meek and Booth went to the side door. They did not know that the man who had gone in the house was Henry Cook, but, as Henry Cook was evading arrest, they thought it might be Cook. Wallen was very slow in opening the door, but after about 25 minutes he did open the door. When Spradlin entered the door, and Preston saw who it was, he immediately undertook to escape by the side door. He was stopped by Meek, and then a fusilade of shots ensued, in which Preston was killed. The officer and the three persons whom he had summoned to assist him were indicted for murder in Lawrence county. On the trial of Meek he was found guilty of manslaughter, and his punishment fixed at 15 years in the penitentiary. He appeals.

The proof for the commonwealth was, in substance, that Meek fired the first shot. On the other hand, the proof for Meek was that Preston attacked him with his pistol, and also fired the first shot, and that he shot only in his necessary self-defense. The court gave the jury the usual instruction on self-defense, but over the objection of the defendant he added to it these words:

"But this instruction is qualified to this extent, that is, if you should believe from the evidence beyond a reasonable doubt that on the occasion when the deceased, Bert Preston, lost his life, the defendant, Garfield Meek, began the difficulty, by first shooting at the deceased, Bert Preston, then he cannot avail himself of the plea of self-defense and you cannot acquit him upon that ground."

The qualification of the instruction did not properly give the law of the case. The man who fires the first shot may be fully justified in so doing and thus saving his own life when placed in imminent peril by another. The court should have interlined in the instruction before the words, "then he cannot avail," etc., these words, "when the defendant did not believe and had no reasonable grounds to believe that it was necessary to protect himself from death or great bodily harm at the hands of Preston and so made the danger to himself excusable on the part of Preston in his necessary or apparently necessary self-defense." Riddell v. Com., 111 S. W. 301, 33 Ky. Law Rep. 764; Howard v. Com., 202 Ky. 711, 261 S. W. 246.

The court also gave the jury this instruction:

"The court tells the jury that the offenses mentioned in the warrants or capiases for Bert Preston, and which were in the possession of the defendant, Garfield Spradlin, at the time of this difficulty, are misdemeanors; that a private person cannot lawfully arrest a person who is only charged with a misdemeanor, unless directed so to do by a magistrate, and then for only an offense committed in the presence of the magistrate. The court further instructs the jury that a peace officer has no authority to arrest a person charged with a misdemeanor, unless he is in pursuit of him in his own county, and pursues him in another county."

In Smith v. Commonwealth, 196 Ky. 482, 244 S. W. 878, the court thus stated the rule:

"While personal liberty is a very highly esteemed right, it is better to undergo the ill convenience of an unlawful arrest, from which the law will deliver, than that human life should be sacrificed, and a dispute as to whether an arrest is lawful or unlawful should not be decided with pistols, when it is a matter that the magistrate can speedily determine. Hence, if an officer attempts to make an unlawful arrest, the party upon whom it is attempted may not in his resistance slay or attempt to slay the officer, unless from the conduct of the officer, or for other reasons, he believes and has reasonable grounds to believe that he is in danger of death or great bodily harm at the hands of the officer and in the exercise of a reasonable judgment, that there is no other safe

means of averting the real or apparent danger except to slay the officer.''

The court should not have given the instruction above quoted. In lieu thereof the court should have given the jury this instruction:

''Garfield Spradlin, and those acting with him, were without authority to arrest Bert Preston in Lawrence county; and said Preston in avoiding arrest had no right to shoot or kill them or any of them unless he in good faith believed and had reasonable grounds to believe that he was then in danger of death or great bodily harm at their hands and that there was no other apparently safe means of averting such danger.''

Meek should have been allowed to testify and tell the instructions which Spradlin gave him as to his going to the door where he was, and also to tell that he had never had any trouble with Preston, and that he only went with Spradlin because Spradlin summoned him to go.

A witness was introduced by Meek to prove that the door facing was powder burned, indicating that Preston had shot from the inside of the room. But the witness did not definitely fix the time when he saw the marks on the door facing, and there was no proof offered that it was then in the same condition as just after the shooting. To make the evidence competent, this should be shown.

After the defendant concluded his testimony, the commonwealth introduced a number of witnesses who in substance on their direct examination stated that the defendant's general reputation for morality was bad.

Where proof is admitted that the general reputation of the defendant for untruthfulness or immorality is bad, the court should, in every instance, instruct the jury that such evidence is only to be considered by them in determining the credibility of the defendant as a witness, and not for any other purpose in the case. Newman v. Com., 88 S. W. 1089, 28 Ky. Law Rep. 81; GeBurk v. Com., 153 Ky. 264, 155 S. W. 381; Roop v. Com., 201 Ky. 828, 258 S. W. 667. If such an admonition is not given the evidence may be very prejudicial to the defendant in a case like this. The other rulings of the court relied on as errors will probably not occur on another trial, and need not be noticed here.

Judgment reversed, and cause remanded for a new trial.