**Dan MORRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1967.

D. G. Boleyn, Courtney C. Wells, Hazard, for appellant.

Robert Matthews, Atty. Gen., Darryl T. Owens, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Dan Morris was convicted of murdering State Trooper Delano Powell and was given a life sentence. On this appeal he asserts four grounds of error which we shall discuss seriatim.

The first contention is that the evidence was insufficient to prove that Delano's death was produced by a criminal act committed by the defendant. We think the evidence was ample, as we shall demonstrate. Late in the afternoon of a summer day the defendant fired several salvos from a shotgun inside his mother's house on "Cy Branch Holler" in Breathitt County, and threatened to kill his brother. A neighbor, at the mother's request, called the "authorities." The neighbor, before calling, told the defendant of his intent to make the

call, and the defendant said he would kill the neighbor if he made the call. State Trooper Powell, accompanied by a deputy sheriff, drove to the mother's house arriving around 11 p. m. He stopped his police cruiser at the yard gate, leaving the headlights on and with a spotlight directed at the porch of the house. He got out of the cruiser with a flashlight in his hand, dressed in official uniform except that his head was bare, and started into the yard in the beam of the headlights. When he had reached a point only eight feet into the yard a shotgun blast struck him and he was mortally wounded. (He died in Perry County a few hours later.) The defendant was the only person known to be on the premises before this shooting. A few moments later the deputy sheriff saw a man, dressed like and resembling the defendant, run into the house from the side yard. Extra law-enforcement officers were summoned and a "shoot-out" lasting several hours ensued. At one point during the siege the defendant appeared on the porch and, in refusing a request that he surrender, said that he already had killed one man and would kill another before they "got" him. Eventually, around 3 a. m., the defendant was found hiding in an outbuilding, with the shotgun in his hands, and was taken into custody. The evidence above related shows directly that the trooper's death was produced by a deadly weapon in the hands of some other person, and it shows unerringly, albeit circumstantially, that the weapon was fired by the defendant as a criminal act.

■ The second contention is that there was no proof of malice. Direct proof of malice is not required; it may be inferred from the circumstances, or even from the mere fact that the killing was done with a deadly weapon. See Pittman v. Commonwealth, Ky., 242 S.W.2d 875. Here the circumstances were more than ample to support the inference of malice. Cf. Dilger v. Commonwealth, 88 Ky. 550, 11 S.W.2d 651; Elliott v. Commonwealth, 290 Ky. 502, 161 S.W.2d 633.

■ The third contention is that the court erred in admitting evidence of the "shoot-out" that took place between the defendant and the force of officers who were trying to arrest him, during the course of which the defendant committed additional crimes, such as shooting another officer. Under well established authorities the evidence was admissible to show identity and intent. See Bircham v. Commonwealth, Ky., 238 S.W.2d 1008; Wharton's Criminal Evidence, Vol. 1, sec. 244. The appellant suggests that in any event the court should have admonished the jury as to the limited purpose of the evidence. It is sufficient to say that no request was made for an admonition and we do not find any indication of material prejudice having resulted from the failure to admonish.

■ The final contention is that the court should have instructed the jury as to the limitations upon the trooper's authority to enter upon the defendant's premises, when he had no warrant for defendant's arrest and when no offense had been committed in his presence. In our opinion the circumstances did not call for such an instruction. Even if the trooper had no warrant, no offense had been committed in his presence, and he was contemplating the making of an illegal arrest, the defendant had no right to kill or attempt to kill the officer, unless he believed and had reasonable grounds to believe that he was in danger of death or great bodily harm at the hands of the officer and in the exercise of reasonable judgment there were no other safe means of averting the real or apparent danger except to kill the officer. See Smith v. Commonwealth, 196 Ky. 479, 244 S.W.2d 878. A person has no right to kill another to prevent a mere trespass arising from the attempt of the latter to arrest him without a warrant. Neeley v. Commonwealth, 123 Ky. 1, 93 S.W. 596; Jackson v. Commonwealth, 29 Ky.Law Rep. 450, 93 S.W. 598. In the instant case there was nothing to raise a fear of death or great bodily harm on the part of the defendant; the trooper had only a flashlight in his hand, and he

simply had walked into the yard, in full view of his car headlights; he was not committing a trespass because the premises belonged to the defendant's mother and she had called for the trooper to come. Even if it were to be considered that he had committed a trespass by walking into the yard he had done nothing to invade the real security of the premises. On the issue of whether the defendant was entitled to shoot the trooper, the circumstances of this case were such as to render irrelevant the question of how much authority the trooper had. Smith v. Commonwealth, 206 Ky. 728, 267 S.W. 328, relied upon by the appellant, is not controlling here because there a jailer, with no basis of authority and in company with a group of men who were on hostile terms with the defendant's family, was undertaking forcibly to break into the defendant's house.

The judgment is affirmed.

All concur.